UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

       Plaintiff,                                  **Criminal No. 15-81 (JNE/SER)**

v.

Matthew James Martinka,                  **REPORT AND RECOMMENDATION**

       Defendant.

---

     Manda M. Sertich, Esq., United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

     Alan D. Margoles, Esq., Margoles & Margoles, 790 Cleveland Avenue South, Suite 223, St. Paul, Minnesota 55116, for Defendant.

---

STEVEN E. RAU, United States Magistrate Judge

     The above-captioned case comes before the undersigned on Defendant Matthew James Martinka's ("Martinka") Motion to Quash the Search Warrant and Suppress All Evidence Seized Pursuant to the Search Warrant ("Motion to Suppress") [Doc. No. 21]. This matter has been referred for the resolution of the issues raised in Martinka's motion pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying Martinka's Motion to Suppress.

**I.    BACKGROUND**

     On March 18, 2015, Martinka was indicted on five counts of distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). (Indictment) [Doc. No. 1 at 1–3]. On May 19, 2015, Martinka filed several pretrial motions, including the

Motion to Suppress. The Court held a hearing on the pretrial motions on June 4, 2015. (Minute Entry Dated June 4, 2015) [Doc. No. 25].[1]

At the motion hearing, the parties and the Court discussed the Motion to Suppress, as well as Martinka's related Motion and Memorandum to Grant a Suppression Hearing with Regard to Unconstitutional Administrative Subpoenas ("Motion for Hearing") [Doc. No. 16]. Specifically, the parties and the Court discussed whether the hearing requested in Martinka's Motion for Hearing was necessary in light of the Eighth Circuit's decision in *United States v. Wheelock*, 772 F.3d 825 (8th Cir. 2014).

Martinka argues that all evidence obtained from a search of his property should be suppressed because the search warrant was based on information obtained via an illegal administrative subpoena. (Mot. to Suppress at 1–2). Martinka challenges the administrative subpoena on several grounds and initially requested a hearing to develop facts relevant to those challenges. (Mot. for Hr'g at 1, 4). The parties stipulated on the record, however, that the facts relevant to the Motion to Suppress are the same as those in *Wheelock*. *See* (Order Dated June 4, 2015 at 2). That is, the instant case and *Wheelock* involve different defendants, and the specific administrative subpoenas requested and issued in each case are technically distinct, but the parties agree that those differences are of no consequence to the legal issues presented in Martinka's Motion to Suppress. On this basis, the parties agreed that no further testimony or argument was required regarding the Motion to Suppress, making the motion ripe for consideration.[2]

---

[1] Martinka's other pretrial motions were addressed in a separate order. (Order Dated June 4, 2015) [Doc. No. 26]

[2] Given the parties' stipulation, the Court denied as moot Martinka's Motion for Hearing. (Order Dated June 4, 2015 at 2). While the Court has resolved the Motion for Hearing in terms of the relief requested therein, the Court refers to the Motion for Hearing, as well as the affidavit

## II.   FACTUAL BACKGROUND

In light of the parties' stipulation, the facts relevant to Martinka's challenges to the administrative subpoenas are derived from *Wheelock*, 772 F.3d 825, and the affidavit of Martinka's counsel filed in support of the Motion for Hearing. (Aff. of Alan D. Margoles in Supp. of Mot. for Hr'g, "Margoles Aff.") [Doc. No. 17]. The Margoles Affidavit includes a description of the administrative subpoena process typically utilized by the investigating officer in both this case and *Wheelock*, Minneapolis Police Officer Dale Hanson ("Officer Hanson"). (*Id.*). Counsel's description of the administrative subpoena process is consistent with the parties' stipulation, in that counsel describes the same process that was described in *Wheelock*. *See also* (Mot. for Hr'g at 1–2) (stating that Martinka's counsel has cross-examined Officer Hanson "in at least five child pornography cases" and that counsel cross-examined Officer Hanson in state court proceedings regarding the investigation of Martinka that led to the indictment in this case). The relevant facts are as follows.

Officer Hanson used investigative software to discover that child pornography was available for download at a particular Internet Protocol ("IP") address. Officer Hanson then requested an administrative subpoena from the Hennepin County Attorney, ordering the Internet Service Provider ("ISP") to provide subscriber information for the identified IP address. Officer

---

filed in support of the Motion for Hearing, to the extent they relate to and give context to Martinka's Motion to Suppress.

In addition, although only specifically referred to in his Motion for Hearing, Martinka initially sought suppression of evidence obtained from a search of Martinka's electronic tablet based on the fact that Officer Hanson "figured out . . . Martinka's passcode to his tablet, which allegedly contained child pornography, by using the last four digits of . . . Martinka's social security number." (Mot. for Hr'g at 4). At the motion hearing, Martinka informed the Court that this issue is moot based on the fact that Officer Hanson obtained the relevant material from a predatory offender registration form, to which law enforcement generally has access. Therefore, to the extent Martinka's Motion to Suppress seeks suppression of evidence obtained by Officer Hanson's use of Martinka's social security number in accessing Martinka's electronic tablet, the motion is denied as moot.

Hanson certified that the information requested was relevant to an ongoing legitimate law enforcement investigation of distribution of child pornography. The Hennepin County Attorney sent the administrative subpoena to the ISP, and the ISP responded, providing Martinka's name, address, and other subscriber information. Using the information obtained from the ISP, Officer Hanson obtained a search warrant, which was later executed at Martinka's property and led to the discovery of incriminating evidence on Martinka's computers, hard drives, cds, dvds, and/or computer peripherals.

### III.   DISCUSSION

#### A.   Legal Standard

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The protections of the Fourth Amendment apply where a defendant has a "constitutionally cognizable privacy interest." *Wheelock*, 772 F.3d at 828. "To prove he had a constitutionally cognizable privacy interest, [Martinka] 'must show that (1) he has a reasonable expectation of privacy in the areas searched or the items seized, and (2) society is prepared to accept the expectation of privacy as objectively reasonable.'" *Id.* (quoting *United States v. James*, 534 F.3d 868, 872–73 (8th Cir. 2008)).

#### B.   Analysis

In his Motion to Suppress, Martinka asks the Court to suppress "all evidence, including all evidence coming from seizure of computers, hard drives, cds, dvds, and computer peripherals, that were seized" at Martinka's property. (Mot. to Suppress at 1). As noted, Martinka argues that suppression is warranted because the "[i]nformation used to obtain [Martinka's] identity and home address was obtained through illegal administrative subpoenas." (*Id.* at 1). Martinka

4

contends that the administrative subpoenas used in this case were illegal for four reasons: (1) the administrative subpoenas were obtained in violation of the Fourth Amendment; (2) the administrative subpoenas were obtained in violation of Minnesota state law; (3) the administrative subpoenas were obtained in violation of the Minnesota Constitution; and (4) the administrative subpoenas were obtained in violation of Minnesota case law. (*Id.* at 1–2). And although not specified in his Motion to Suppress, Martinka asserted in his Motion for Hearing that the "Minnesota Administrative Subpoena Process is contrary to the Federal Administrative Subpoena Process, and it does not provide the necessary oversight contemplated by the Federal Administrative Subpoena Process." (Mot. for Hr'g at 4). Each of Martinka's arguments for suppression was rejected by the Eighth Circuit in *Wheelock*, and the Court therefore recommends that Martinka's Motion to Suppress be denied. *See* 772 F.3d at 828–30 (affirming the order of Chief Judge Michael J. Davis, which adopted in full the Report and Recommendation of Magistrate Judge Tony N. Leung).

In *Wheelock*, the appellant argued that "the use of an administrative subpoena (as opposed to a warrant) violated his Fourth Amendment privacy interest in the subscriber information obtained from" his ISP. *Wheelock*, 772 F.3d at 827–29. The court held that, consistent with third-party disclosure principles, the appellant "had no reasonable expectation of privacy in the subscriber information." *Id.* at 829. In the absence of a reasonable expectation of privacy, there is no Fourth Amendment privacy interest at stake. *See id.* ("'Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation.'" (quoting *United States v. Perrine*, 518 F.3d 1196, 1204–05 (10th Cir. 2008))). The Eighth Circuit's decision in *Wheelock* is dispositive here, and Martinka's Fourth Amendment argument must fail.

The *Wheelock* court likewise rejected the argument that suppression was warranted due to Officer Hanson's failure to "follow proper procedure under . . . federal . . . administrative subpoena statutes." *Id.* at 829–30. Here, Martinka argues that the administrative subpoenas were obtained unlawfully because the Minnesota administrative subpoena statutory scheme is "contrary to" federal law governing administrative subpoenas and because it fails to "provide the necessary oversight contemplated by the Federal Administrative Subpoena Process." (Mot. for Hr'g at 4). Martinka's argument reiterates Wheelock's argument that Officer Hanson's failure to follow federal administrative subpoena statutes requires suppression.[3] This argument is without merit. Federal law governing administrative subpoenas "appl[ies] only to federal subpoenas and not to the subpoenas in this case—obtained pursuant to state law and issued by a state actor." *Wheelock*, 772 F.3d at 830.

Finally, Martinka argues that evidence must be suppressed because any administrative subpoena obtained in this case was acquired in violation of "Minnesota State Law," "Minnesota Case Law," and "the Minnesota Constitution." (Mot. to Suppress at 1–2). Martinka's reliance on state law—whether it is constitutional law, statutory law, or case law—is unpersuasive. "[F]ederal courts in a federal prosecution do not suppress evidence that is seized by state officers in violation of state law, so long as the search complied with the Fourth Amendment."[4]

---

[3] Martinka's submissions challenging the lawfulness of the administrative subpoenas are cursory in nature and do not include citation to any specific case law or statutory provision, leaving the Court with limited information regarding the nature of Martinka's challenges to the administrative subpoenas in this case. *See generally* (Mot. for Hr'g); (Mot. to Suppress). Martinka was offered the opportunity to provide the Court with further argument and briefing, but declined to do so, and the parties have generally represented to the Court that the legal issues presented by Martinka's Motion to Suppress are the same as those presented to the court in *Wheelock*.

[4] The Court also notes that to the extent Martinka argues that Officer Hanson failed to comply with Minnesota law because Officer Hanson did not provide a "factual basis" to the

*Wheelock*, 772 F.3d at 830; *see also United States v. Appelquist*, 145 F.3d 976, 978 (8th Cir. 1998) (noting "the general rule that federal courts do not suppress evidence seized by state officers in conformity with the Fourth Amendment because of state law violations"); *United States v. Gaulden*, Crim. No. 10-120 (PJS/JJK), 2010 WL 2557803, at *3 (D. Minn. June 14, 2010) (confining analysis to federal law despite defendant's arguments based on Minnesota state law, including "the Minnesota Constitution, as interpreted by Minnesota state courts"), *report and recommendation adopted by* 2010 WL 2557774 (D. Minn. June 23, 2010).

Having already determined that there was no Fourth Amendment violation here because Martinka had no reasonable expectation of privacy in the subscriber information obtained via an administrative subpoena, Martinka's arguments for suppression based on alleged violations of state law are unavailing.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Matthew James Martinka's Motion to Quash the Search Warrant and Suppress All Evidence Seized Pursuant to the Search Warrant [Doc. No. 21] be **DENIED.**

---

county attorney that signed the administrative subpoena, (Mot. for Hr'g at 2), the *Wheelock* court rejected this argument on its merits.
> [T]he Minnesota subpoena statute allows a county attorney to issue administrative subpoenas only "for records that are relevant to an ongoing legitimate law enforcement investigation." Minn. Stat. § 388.23, subd. 1. Wheelock claims Officer Hanson violated this requirement by failing to provide a factual basis in his subpoena request from which the signing attorney could have made a "determination as to the legitimacy of the law enforcement investigation." . . . Officer Hanson requested retrievable information and certified "that the requested records [were] relevant to an ongoing, legitimate law enforcement investigation of Distribution of Child Pornography." This is all the statute requires.

*Wheelock*, 772 F.3d at 830.

Dated: June 15, 2015

                                              *s/Steven E. Rau*
                                              STEVEN E. RAU
                                              United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.